UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| IMAGEPOINT, INC. | ) |
| Debtor. | ) |
| | ) |
| IMAGEPOINT, INC. by JAMES R. MARTIN, SECURED CREDITOR | ) ) ) Case No. 3:12-cv-00410 |
| Plaintiff/Counter-Defendant | ) |
| v. | ) |
| | ) |
| BFS RETAIL & COMMERCIAL OPERATIONS, LLC, | ) ) |
| Defendant/Counter-Plaintiff | ) |

**MOTION OF DEFENDANT BFS RETAIL TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6) OR ALTERNATIVELY TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

Defendant Bridgestone Retail Operations, LLC f/k/a BFS Retail & Commercial Operations, LLC ("BFS") moves this Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss this action for lack of jurisdiction in recognition of the mandatory forum selection clause in the contract underlying this action. In the alternative, BFS requests that in the interest of justice the Court transfer this action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a). In support hereof, BFS states as follows:

1.   This is a breach of contract action. The contract at issue contains a mandatory forum selection clause providing for exclusive jurisdiction in a state or federal court in Cook County, Illinois:

> The parties hereby agree that the sole and exclusive form [sic: forum] for any litigation arising out of this Agreement shall be any appropriate state or federal court located in Cook County, Illinois.

*See,* **Exhibit A**, Sign Maintenance Agreement at ¶ 22. Now that the referral of this matter to the Bankruptcy Court has been removed and the Plaintiff has based his claim expressly on the

parties' contract, this Court should enforce the parties' contractual jurisdiction selection and either dismiss the matter or transfer it to the United States District Court for the Northern District of Illinois, Eastern Division.

## PROCEDURAL BACKGROUND

2. This action was commenced by debtor in possession ImagePoint, Inc. ("ImagePoint") as a "core" proceeding in its Chapter 11 bankruptcy reorganization. (Dkt. 4, at pp.1-2) Approximately one month later, ImagePoint's bankruptcy proceeding was converted to a Chapter 7 liquidation and David H. Jones, Trustee, was substituted as plaintiff in the adversary proceeding. (Dkt 4, at pp. 16-18)

3. In July 2009, BFS filed an answer, affirmative defenses and compulsory counterclaims to the collection action with the Bankruptcy Court. (Dkt 4, at pp. 23-32) Thereafter, while this action continued as a core proceeding in the Bankruptcy Court, BFS and the Trustee engaged in extensive settlement negotiations.

4. Almost three years later, in March 2012, James R. Martin moved for an order to substitute "ImagePoint, Inc. by James R. Martin, Secured Creditor," for the Trustee in this action. (Dkt. 4, at pp. 154-155) A Loan and Security Agreement between Wachovia and ImagePoint had previously been assigned to Mr. Martin entitling him to pursue collection of ImagePoint's accounts receivables. (Id.)

5. In July 2012, Martin was granted leave to file an Amended Complaint. (Dkt. 4, at pp. 195-205) In contrast to the original complaint, which was a simple action to collect alleged debts, Martin asserted two causes of action: Count I for breach of contract and Count II for quantum meruit. (Id.)

6. In August 2012, Martin filed a motion to withdraw the reference of this matter to the Bankruptcy Court. (Dkt. 4, at pp. 214-216) In a parallel collection action, the Bankruptcy

Court had ruled that Martin lacked standing to bring an adversary proceeding. (Id.) Martin "wished to have this adversary proceeding adjudicated by a Court whose jurisdiction over this action is undisputed." (Id.) The motion was granted and the case was referred to this Court on August 2, 2012 for review.[1]

## THIS MATTER SHOULD PROCEED IN THE NORTHERN DISTRICT OF ILLINOIS

7. The termination of the reference of this "core" proceeding and the substitution of Mr. Martin for the Trustee as plaintiff mean that this action is now a simple breach of contract action rather than a "core" proceeding in bankruptcy. The contract at issue contains a forum selection clause providing that the claims are governed by Illinois law and the exclusive forum for any action is the appropriate state or federal court in Cook County, Illinois:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regard to its conflicts of law principles, and this Agreement shall be binding upon and insure to the benefit of the parties hereto, their successors and assigns. The parties hereby agree that the sole and exclusive form [sic: forum] for any litigation arising out of the Agreement shall be any appropriate state or federal court located in Cook County, Illinois.

Ex. A, ¶ 22.

8. "[A]s The Sixth Circuit has made clear, a forum selection clause cannot be enforced via a Rule 12(b)(3) challenge to improper venue. Instead it must be enforced under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *O & G Energy, LLC v. Rimkus Consulting Group, LLC*, 2011 WL 6153194, at *5 (E.D.Ky.), *citing, Langley v. Prudential Mortgage Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008). Furthermore, Fed.R.Civ. 12(h)(2) permits a defense under 12(b)(6) to be raised in any pleading or motion, and

---

[1] BFS, and apparently Martin as well, questioned whether the Bankruptcy Court ever had the constitutional power to hear or decide these purely state law contract claims and counterclaims regardless of any statutory "core" designation, in light of *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

3

is "timely made as late as trial." *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 610-11 (6th Cir. 1995) (holding that Rule 12(b)(6) motions are "protected from waiver through trial."). *See also, Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 388 (1st Cir. 2001) ("[A] motion to dismiss [under Rule 12(b)(6)] based upon a forum-selection clause may be raised at any time in the proceedings before disposition on the merits.")

9. Accordingly, BFS seeks dismissal or transfer based on the parties' forum selection clause. There is no doubt the clause should be enforced in this case. "Unless the forum selection clause itself was obtained by fraud, undue influence, or overweening bargaining power, it should be given full effect." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). The Sixth Circuit has clearly stated that, "A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. Partygaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009), *citing, Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Moreover, the party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).

10. To successfully avoid his contractual obligation to litigate in Illinois, Mr. Martin must demonstrate: (1) that the clause was procured by fraud; (2) that the designated forum would ineffectively or unfairly handle the suit; or (3) that the designated forum would be so seriously inconvenient that requiring him to bring suit there would be unjust. *Security Watch, Inc. v. Sentinel Sys..* 176 F.3d 369, 375 (6th Cir. 1999).

11. Mr. Martin cannot demonstrate any of these things. The first factor, procurement by fraud, requires more than general claims of fraud. *Preferred Capital, Inc. v. Assocs. Of Urology*, 453 F.3d 718, 722 (6th Cir. 2006). Rather, there should be specific evidence of

misrepresentation <u>regarding the forum selection clause specifically</u>.  *See, e.g., Great Earth Cos. v. Simons*, 288 F.3d 878, 884, 890 (6th Cir. 2002).

12. The second factor is plainly non-existent here.  The United States District Court for the Northern District of Illinois is well qualified to effectively handle a breach of contract action governed by Illinois law.

13. The third factor -- that federal court in Chicago would be so seriously inconvenient that it would be unjust or unreasonable -- is also impossible to establish here.  As the Sixth Circuit has explained, "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause."  *Wong*, 589 F.3d at 828 (affirming dismissal and requiring "plaintiffs who are not sophisticated businesses" to litigate in Gibraltar).  In this regard, it bears noting that Mr. Martin has already filed a parallel collection action in federal court in New York. He can certainly pursue the claims here in Chicago. Finally, as a sophisticated business man, it is beyond cavil that neither Mr. Martin nor the company he controlled, ImagePoint, was unduly influenced or the victim of overweening bargaining power when ImagePoint agreed to litigate only in Illinois. *Zapata Off-Shore Co.*, 407 U.S. at 12-13.

14. Accordingly, BFS asks this Court to enter an order of dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim in light of the parties' arms-length contractual agreement that the exclusive forum for any litigation would be in the appropriate state or federal court in Cook County, Illinois.

**IN THE ALTERNATIVE, THIS MATTER SHOULD
BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404**

15. Because the agreed upon forum for this matter is another United States District Court, this Court may, in the alternative to dismissing the case, transfer the case to its sister court in Chicago.  *See, Langley,* 546 F.3d at 371 (Moore, J. concurring) (explaining the Sixth Circuit''s

5
Case 3:12-cv-00410   Document 12   Filed 01/25/13   Page 5 of 8   PageID #: 286

"two procedural mechanisms that may be used to enforce a valid forum-selection clause: (1) a motion to dismiss [under Rule 12(b)(6)] and (2) a motion to transfer [under § 1404(a)").

16. The parties' stipulation that Illinois law governs this dispute and their selection of the federal court in Chicago as the proper forum should cause this Court to transfer the matter. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988) ("The presence of a forum-selection clause . . . will be a significant factor that figures centrally into the district court's calculus" under a motion to transfer venue pursuant to §1404(a)); *Viron Intl' Corp. v. David Boland, Inc*., 237 F. Supp. 2d 812 (W.D. Mich. 2002) (burden shifts from movant to party opposing venue transfer where forum selection clause establishes parties' *ex ante* preference); *Docksider v. Sea Tech., Ltd*, 875 F.2d 762, 764 (9th Cir. 1989) ("where venue is specified [in a forum selection clause]. . .the clause will be enforced."); *Cambridge Fliter v. Int'l Filter Co*., 548 F. Supp. 1308, 1311 (D. Nev. 1982) ("[T]here is an appropriateness in holding the trial of a diversity case in a forum that is at home with the governing state law.").

17. Transfer pursuant to § 1404(a) involves a two-step analysis determining: (1) whether the action might have been brought in the proposed transferee court; and (2) whether considering all relevant factors, the balance of convenience and interest of justice "strongly" favor transfer. *Nationwide Life and Annuity Insurance Co. v. Golden*, 2013 WL 97718, *11 (S.D. Ohio). The first step is easily satisfied: BFS is a resident of the Northern District of Illinois (it maintains a place of on-going business there and is subject to Illinois' general jurisdiction), so this action could have been brought in the Northern District.

18. There is no definitive list of factors that must be considered for the second step, however the private interest factors the Court may consider include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed 1055 (1947).

19. In this case, there would be no disadvantage to either party if the case is transferred to Illinois. As Martin has acknowledged in his recently filed Motion for Accounting, one of the primary issues in dispute is BFS' claims for set off which are partly premised on BFS' payment of a multitude of ImagePoint's unpaid subcontractors across the country. The evidence of their entitlement to payment bears no special relationship to Tennessee and gives no reason for this Court to retain the matter here.

20. Nor will a transfer delay or prejudice either party. This Court has inherited the case only recently and, respectfully, does not yet have a level of familiarity that would benefit the parties. The Northern District of Illinois is equally well positioned to take up this case in its present condition and shepherd it through trial.

21. In sum, when all factors are considered, the presence of the parties forum selection clause should cause this Court to transfer the matter pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois.

WHEREFORE, Defendant BFS Retail & Commercial Operations, LLC, respectfully requests that this Court enter an Order of dismissal or transfer of this matter to the United States

District Court for the Northern District of Illinois, Eastern Division, or grant any other further relief it deems just and proper.

s/ Madison L. Martin
Madison L. Martin
STITES & HARBISON, PLLC
401 Commerce Street, Ste. 800
Nashville, TN  37219
(615) 244-5200

and

Robert J. Labate
Joi M. Thomas
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th FL
Chicago, IL  60603
(312) 263-3600

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2013, a copy of the foregoing was filed electronically through the CM/ECF system and served electronically on all parties accepting Notice of Electronic Filing.

s/ Madison L. Martin
Madison L. Martin

977433:2:NASHVILLE